**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Carlos Duran-Alvarado,

Petitioner,

vs.

Todd M Lyons, *et al.*,

Respondents.

No. CV-26-02757-PHX-CKJ (MTM)

**ORDER**

Pending before the Court is whether Respondents have sufficiently complied with the orders of the Court in this case.

*Background*

A review of the record indicates the original Petition alleged Petitioner was arrested in violation of the Fourth Amendment and due process principles. Petition (Doc. 1). The Petition also appears to assert Petitioner was subject to the 8 U.S.C. § 1225(b)(2)(A) mandatory detention policy. *Id.* The response to the Petition stated, "Respondents do not oppose Petitioner's request for release at this time." Response (Doc. 7, p.1). The Court granted the Petition as to Petitioner's request for release from custody and ordered Respondents "must immediately release Petitioner from custody under the same conditions that existed before his detention." May 4, 2026, Order (Doc. 8, p. 1). The Court further ordered Respondents to file a Notice of Compliance within two (2) business days of Petitioner's release. *Id.*

A Notice of Compliance was not timely filed. On October 8, 2026, this Court ordered, *inter alia*, Respondents to file the Notice of Compliance (Doc. 8).

Petitioner filed a notice of non-compliance, asserting:

> Respondents' temporary release is not compliant with the Order of immediate release dated May 5, 2026. Specifically, a Petition for Review has been filed, and a stay of removal is in place. (attachment 1 – pacer case history, entry 1, and 11). Petitioner order of removal is not a final order because it has been appealed and is presently waiting to be decided. There has been no material change or good cause shown why the Respondents determined to violate this Court's order.

Petitioner's Response (Doc. 13, p. 2). Respondents filed a notice, asserting Petitioner was "released from custody on May 5, 2026, in compliance with the Court's order . . . and he was re-detained on August 19, 2026, because immigration officials determined that his removal order had become final. *See* I-213, attached as Exhibit B, at 2, 5." Notice of Compliance ("NOC") (Doc. 12, p.1).

Petitioner's Record of Deportable/Inadmissible Alien ("DIA") indicates an Immigration Judge ordered Petitioner removed to El Salvador after denying all applications for relief on July 22, 2025. NOC, Ex. B, DIA (Doc. 12-1, ECF p. 10 of 12). Petitioner was taken into custody on July 29, 2025. *Id.* On July 30, 2025, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). *Id.* at ECF p. 11 of 12. One day after this Court ordered Petitioner's release, the BIA dismissed Petitioner's appeal and the removal order became administratively final. *Id.* Petitioner was released on May 5, 2026, pursuant to this Court's Order.

A Petition for Review of the BIA's decision was filed with the Ninth Circuit Court of Appeals on June 1, 2026. Petition for Review, 9th Cir. No. 26-3493 (Doc. 1). The DIA states:

> On June 1, 2026, the subject filed a Petition for Review with the United States Court of Appeals for the Ninth Circuit, Case Number 26-3493. Records also reflect a request for stay of deportation associated with the Petition for Review. However, as of the time of this enforcement action, no stay of removal was attached to the Petition for Review, and no stay of removal was in effect. OPLA provided DBS concurrence that the subject is removable because the pending Ninth Circuit Petition for Review does not bar removal absent a stay of removal.

NOC, Ex. B, DIA (Doc. 12-1, ECF p. 11 of 12). The DIA includes an additional summary:

> On June 1, 2026, the subject filed a Petition for Review with the United States Court of Appeals for the Ninth Circuit, Case Number 26-3493. Records further reflect a request for stay of deportation associated with the Petition for Review. However, no stay of removal is currently in effect. OPLA provided DBS concurrence that the subject is removable because the pending Petition for Review does not prevent execution of the removal order unless a stay of removal has been granted.
>
> The subject has no current applications pending or approved with USCIS based on available records. There is no stay of removal, pending motion, or other legal impediment currently identified that prevents ICE ERO from executing the final order of removal. The July 22, 2025, Immigration Judge order, as affirmed by the Board of Immigration Appeals on May 5, 2026, remains the operative valid and enforceable final order of removal.

*Id.* at ECF p. 12 of 12.

Although the DIA twice states a request for a stay is associated with the appellate petition for review, the Petition for Review states:

> [Petitioner] hereby petitions for review by this Court of the final order of removal entered by the United States Department of Justice, Executive Office of Immigration Review, Board of Immigration Appeals ("BIA") on May 5, 2026. This petition is timely filed pursuant to 8 U.S.C. § 1252(b)(1) as it is filed within 30 days of the issuance of BIAs decision.
>
> Petitioner submits the BIA decision dated May 5, 2026. Tab A. To date, no court has upheld the validity of the order. The Petitioner[ is] not detained.
>
> Jurisdiction is asserted pursuant to 8 U.S.C. Sec. 1252.
>
> Venue is asserted pursuant to 8 U.S.C Sec 1252(b)(2).

Petition for Review, 9th Cir. No. 26-3493 (Doc. 1). The Petition for Review does not include a requested stay.

Petitioner was again detained on August 19, 2026. On August 26, 2026, Petitioner filed an Emergency Motion to Stay Removal Pending Resolution of Petition for Review. Motion to Stay, 9th Cir. No. 26-3493 (Doc. 11). The Ninth Circuit granted a stay the same day. Order, 9th Cir. No. 26-3493 (Doc. 12); *see also* Ninth Circuit General Order 6.4(c)(1) ("Upon the filing of an initial motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the Court.").

. . . . .

*Compliance with Court Order - Release/Detention of Petitioner*

While a removal order may be administratively final, the statute governing detention after the entry of a "final order of removal" does not apply until the latest of:

> "either (1) the date a noncitizen's "order of removal becomes administratively final," (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement.

*Avilez v. Garland*, 69 F.4th 525, 531 (9th Cir. 2023), *citations omitted*.[1]

Nonetheless, the basis for Petitioner's current detention is unclear. First, the Court recognizes the Petition appears to assert Petitioner was subject to the 8 U.S.C. § 1225(b)(2)(A) mandatory detention policy. The Ninth Circuit has rejected this policy. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) (holding that immigrants who are present without admission and apprehended in the interior are governed by § 1226 rather than § 1225(b)(2)(A)). In their response to the original petition, Respondents did not address Petitioner's arguments but conceded Petitioner was entitled to release. Response (Doc. 7).

Second, in their most recent notice, the government asserts Petitioner was re-detained on August 19, 2026, because immigration officials determined that Petitioner's removal order had become final. However, neither the notice nor the attached documents specify through which statutory provision the government asserts the detention is appropriate. Petitioner's DIA indicates his criminal history includes an arrest for battery against a police officer. NOC, Ex. B, DIA (Doc. 12, ECF p. 11 of 12). Although Petitioner *was* arrested for the offense (and others), he was released "after approximately two days in custody. The dispositions are not provided and appear pending or unknown." *Id.*

The "Government's authority to detain a noncitizen under [8 U.S.C. § 1226(c)] . . .

---

[1]The *Avilez* court recognized "the Government's detention authority under Section 1231(a) does not begin until judicial review concludes with a court order and the stay is lifted." 69 F.4th at 532.

applies during the administrative and judicial phases of removal proceedings." *Avilez*, 69 F.4th at 535. "[N]oncitizens subject to mandatory detention under [8 U.S.C. § 1226(c)] are not statutorily eligible for release on bond during the judicial phase of the proceedings, except under the narrow circumstances defined by § 1226(c)(2)." *Id.* at 535-56; *see also* 8 U.S.C. § 1226(c)(2) ("For purposes of paragraph (1)(E), . . . 'assault of a law enforcement officer' . . . ha[s] the meanings given such terms in the jurisdiction in which the acts occurred."); Cal. Penal Code § 243(c)(2). Indeed, "[i]n no uncertain terms, the Supreme Court stated that [8 USC 1226(c)] 'carves out a statutory category of aliens who may not be released under [8 USC 1226(a)]." *Id.* at 534.

However, as stated by another court in this district:

> Although there was a brief period of time in May 2025 during which it would have been accurate to say that Petitioner "is arrested for" the crime of Battery With Serious Bodily Injury, that description was no longer accurate by the time of Petitioner's arrest by ICE in September 2025 or by the time Petitioner filed his habeas petition in April 2026. At each of those points in time, Petitioner's arrest was a thing of the past and his criminal proceedings in California had not progressed to the successive stages contemplated by § 1225(c)(1)(E)(ii)—there was no present charge or present conviction. It follows that Respondents cannot invoke § 1225(c)(1)(E)(ii) as the basis for detaining Petitioner without a bond hearing. Although "Congress intended to cast a wide net for mandatory detention when it passed the Laken Riley Act," "Congress achieved its goal...by, among other things, making detention mandatory for any noncitizen who 'is charged with' one of the enumerated offenses. What Congress did not do is make detention mandatory for anyone who 'was charged with' one of those offenses (past tense) but had the charges dismissed without a conviction or some other admission of guilt. Had this been Congress's intent, it surely knew how to find the right words." [*Helbrum v. Williams Olson*, 2025 WL 2840273 *7 (S.D. Iowa 2025)], (cleaned up).

*Colli-Briceno v. Rivas*, No. CV-26-02284-PHX-DWL (CDB), 2026 WL 2191447, at *3 (D. Ariz. July 29, 2026). At the time of his re-detention, it could not be said Petitioner:

> *is* charged with, *is* arrested for, *is* convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]

8 U.S.C. § 1226(c)(1)(E)(ii), *emphasis added*.

Further, in responding to the original Petition, Respondents did not assert Petitioner was subject to detention based on this prior conduct of Petitioner. Rather, Respondents

conceded Petitioner was entitled to release. The record before the Court does not establish Petitioner had been detained pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii).

Third, it does not appear the detention of Petitioner is appropriate under other provisions of 8 U.S.C. § 1226(c). Indeed, the government has not argued any such detention is appropriate and has not provided any documentation indicating such basis for the re-detention.

Although the Court recognizes Respondents may revoke release under 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9), those standards require a showing of a material change in circumstances bearing on whether the noncitizen poses a danger to the community or a risk of flight. Here, it appears the only possible changed circumstance in this case is that the BIA dismissed Petitioner's appeal and, when Petitioner was re-detained, a stay of removal was not in effect. Indeed, the DIA repeatedly stated a stay of removal was not in effect. Although Respondents presented no argument regarding this fact, the Court infers from this that immigration officials placed significant weight on the lack of a stay of removal in determining re-detaining Petitioner was appropriate. Because the Ninth Circuit is now reviewing that decision and has stayed Petitioner's removal, his removal is stayed just as it was while his appeal was pending before the Board. *See Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981) (where a prior bond determination exists, "no change should be made by a District Director absent a change of circumstance," and finding such a change only where the removal order was accompanied by substantial new evidence of flight risk and danger developed at the hearing); *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (adopting *Sugay's* limit); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (recognizing that DHS re-arrests only after a "material" change in circumstances); *Y.M.M. v. Wamsley*, No. 2:25-cv-02075-TMC, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025) (change must be material as to danger or flight risk) (citing *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006)). However, there was an intervening, temporary change in circumstances.

The Court finds Respondents are not in current compliance with the Court's Order.[2]

Accordingly, IT IS ORDERED Respondents must provide Petitioner a bond redetermination hearing within seven (7) days or release Petitioner from custody.

IT IS FURTHER ORDERED Respondents must provide a notice of compliance within three (3) business days of releasing Petitioner or providing Petitioner a bond hearing.

DATED this 14th day of October, 2026.

Cindy K. Jorgenson
United States District Judge

---

[2]The change in circumstances regarding a stay of removal having been temporary, the Court declines to consider whether this change in circumstances was "material."